UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GUADALUPE BALLESTEROS, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-05-21 |
| | § | |
| NUECES COUNTY, TEXAS | § | |
|     Defendant | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO ABATE AND TO SUSPEND DISCOVERY

Following his termination of employment with defendant Nueces County, Texas, plaintiff Joe Guadalupe Ballesteros filed this lawsuit asserting four federal causes of action and two causes of action based on state law. On April 21, 2005 defendant filed a motion to abate plaintiff's case, arguing that plaintiff should have presented his state law causes of action to the Nueces County Court of Commissioners prior to filing suit, pursuant to TEX. LOC. GOV'T CODE ANN. §89.004 (D.E. 23). Plaintiff responded to the motion to abate on May 16, 2005 and defendant filed a reply to the response on May 17, 2005 (D.E. 26, 27). Defendant also filed a motion to suspend discovery on May 25, 2005 (D.E. 28). Plaintiff filed a supplemental response to the motion to abate and to the motion to suspend discovery on June 2, 2005 (D.E. 31).

### BACKGROUND

The following facts are taken from plaintiff's first amended complaint (D.E. 4). Plaintiff, a Mexican-American male, began working as a law enforcement officer with Nueces County in August 1981 and rose to the position of police captain during the 22 years he worked there. On January 16, 2003 plaintiff was injured at work and filed a worker's compensation claim. He was out of work for an extended period of time, but kept Nueces County informed about his medical diagnosis and prognosis.

On November 12, 2003 plaintiff received a release from his health care provider to return to work on a part-time basis. Nueces County refused to allow plaintiff to return to work and did not offer him a modified work schedule, a "light duty" assignment or a reasonable accommodation. On November 14, 2003 Nueces County Sheriff Larry Olivarez terminated plaintiff, alleging that he was unable to perform the essential functions of his job.

Plaintiff filed a grievance against Nueces County asking to be reinstated to his position but he was not reinstated. Plaintiff asserts that Nueces County has allowed other employees not in plaintiff's protected class to return to work despite longer absences due to work-related injuries. Plaintiff further asserts that Nueces County terminated him because he has a qualified disability, because he possesses a record of disability, because it regarded him as disabled and/or because he filed a worker's compensation claim. In addition, plaintiff asserts that he was replaced with an employee outside of his protected class, a non-Mexican-American person, or with a non-disabled person.

On March 25, 2004 plaintiff filed a charge of discrimination with the EEOC in which he alleged discrimination on the basis of national origin and disability. Plaintiff received his "right to sue" letter on October 19, 2004 (D.E. 1, Exs. P-1 and P-2).

Based on these alleged facts, plaintiff asserts the following causes of action: (1) Defendant violated his due process rights under the Fifth and Fourteenth Amendments by denying him the property right he had in his job; (2) Defendant violated his due process rights under the Texas Constitution, Article 1, Section 19; (3) Defendant deprived him of rights, privileges and immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983; (4) Nueces County terminated him because he is Mexican-American, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (5) Defendant engaged in illegal discrimination

2

and retaliation in violation of the Anti-Retaliation provision of the Texas Labor Code. TEX. LAB. CODE ANN. § 451.001; (6) Nueces County violated the Americans with Disabilities Act ("ADA") by failing to provide him with reasonable accommodations.

In its motion to abate, defendant argues that plaintiff failed to present his claims to the Nueces County Commissioners Court as required by TEX. LOC. GOV'T CODE ANN. §89.004. Defendant acknowledges that plaintiff did not have to submit his §1983 claims to the Commissioners Court and adds that no legal authority was found to preclude the requirement that all of plaintiff's other claims should be abated pursuant to §89.004. Defendant asserts that at the very least, plaintiff's pendent state law claims should be abated pending presentment to the Commissioner's Court. Defendant also argues that plaintiff's pleadings do not comply with FED. R. CIV. P. 8 because he does not give a short and concise statement of facts to support his claims. Defendant asks that if plaintiff is ordered to present his claims to the county commissioners that he be ordered to provide sufficient factual information to support the theories of recovery he has pleaded in his complaint.

Defendant also argues that plaintiff was supposed to give written notice of his lawsuit to the County Judge in a timely manner under TEX. LOC. GOV'T CODE ANN. §89.0041(a). Defendant further asserts that it will move to dismiss plaintiff's lawsuit for failure to provide the written notice unless plaintiff can show that he complied with the notice requirement.

## APPLICABLE LAW

**A. Motion to Abate**

> TEX. LOC. GOV'T CODE ANN. §89.004 provides the following:
>
> (a) Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.
>
> (b) If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.
>
> (c) A person may file a suit for injunctive relief against a county. After the court's ruling on the application for temporary injunctive relief, any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim.

The purpose of the statute is to notify the commissioners court of a claim and afford it an opportunity to investigate and settle the claim. Travis County v. Pelzel and Associates, Inc., 77 S.W.3d 246, 249 (Tex. 2002)(citing Essenberg v. Dallas County, 988 S.W.2d 188, 189 (Tex. 1998)). It is a presentment statute rather than an exhaustion-of-remedies requirement applicable to administrative appeals and is not jurisdictional. Id. It is not necessary that the claim submitted be in any particular form, in writing, or for the exact amount sued for. Messer v. County of Refugio, 435 S.W. 2d 220, 227 (Tex.Civ.App.–Corpus Christi 1968, writ ref'd n.r.e.). The remedy for a party's failure to present a claim to the county commissioners court before filing suit is not dismissal, but abatement until the claim is presented to the commissioners court. Lubbock County, Texas v. Trammel's Lubbock Bail Bonds, 80 S.W. 3d 580, 584 (Tex. 2002). Courts have carved out exceptions to the rule where the statute that forms the basis of a party's complaint provides its

own notice or exhaustion of remedies requirement.  Condit v. Nueces County, 976 S.W.2d 278, 280, n. 3 (Tex. App. – Corpus Christi 1998, no pet.).

In this case, the parties agree that plaintiff's § 1983 claim is not subject to the presentment requirement.  See Patsy v. Bd. of Regents, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982) (Exhaustion of state remedies not required as a pre-requisite to bringing §1983 action). In ADA and Title VII actions, exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.  Taylor v. Books a Million, 296 F.3d 376 (5th Cir. 2002); 42 U.S.C. § 12117(a).  The purpose of requiring a plaintiff to file with the EEOC prior to bringing a lawsuit is the same as the purpose behind TEX. LOC. GOV'T CODE ANN. §89.004, which is to place the employer on notice of an impending law suit and provide the parties an opportunity to reach a voluntary settlement.  Horton v. Jackson County Bd. of County Com'rs., 343 F.3d 897, 899 (7th Cir. 2003); Jasch v. Potter, 302 F.3d 1092, 1095 (9th Cir. 2002); Woodman v. Runyon, 132 F.3d 1092, 1094-95 (10th Cir. 2002).  Plaintiff  plaintiff filed an EEOC charge and received his "right to sue" letter, which put the County on notice as to his ADA and Title VII claims.  No purpose would be served by requiring him to present them to the commissioners court in a separate proceeding.

Regarding plaintiff's pendent state law claims, plaintiff twice made the commissioners court aware of the factual bases of his complaints before filing this lawsuit, the first time by filing a grievance about his termination and the second time by filing an EEOC charge.  The county referred the grievance back to the Sheriff's office for disposition and declined to mediate the EEOC charge, explaining that "mediation of this particular charge of discrimination at this point in time does not appear to be a prudent expenditure of Nueces County's limited human and financial resources."  (Pl's. Supp. Resp. to Mot. to Abate, D.E. 31).  Moreover, defendant was served with

notice of the lawsuit on March 17, 2005 and no discovery was conducted for at least 60 days thereafter. The county has had at least three opportunities to review the factual bases of plaintiff's complaint and to investigate and settle the claim without incurring litigation costs. To the extent defendant wishes to obtain the "offer of judgment" protection provided by § 89.004, it can still do so under FED. R. CIV. P. 68. Abating the case at this point would serve no useful purpose.

### B. Notice Requirement

Defendant argues that plaintiff failed to comply with TEX. LOC. GOV'T CODE ANN. §89.0041 which provides that a person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to the county judge and the county or district attorney having jurisdiction to defend the county in a civil suit within 30 days after the suit is filed. The notice is supposed to contain the style and number of the suit, the court in which the suit was filed and the date on which the suit was filed. The statute also provides that if the notice is not given as required by the section, the court in which the suit is pending shall dismiss it. Defendant asserts that plaintiff did not serve the county judge with a summons until 10 days after the 30-day deadline had passed and notes that it intends to file a motion to dismiss based on the state deadline. Because the motion is not pending at this time, no action will be taken at this time.

### C. Motion to Suspend Discovery

Defendant requested that discovery be suspended until its motion to abate was ruled upon. Because the motion to abate is denied, the motion to suspend discovery also is denied.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to abate and its motion to suspend discovery (D.E. 23, 28) are both denied. Plaintiff may proceed with his causes of action.

ORDERED this 8th day of June, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE